UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARISA PIZZARELLI, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) **CLASS ACTION** ) ) |
| v. | ) ) |
| | ) Civ. A. No. 1:15-cv-00254 |
| THE CADILLAC LOUNGE, L.L.C., NANCY SHAPPY, and RICHARD SHAPPY, all d/b/a THE CADILLAC LOUNGE, | ) ) ) **JURY DEMAND** |
| Defendants. | ) ) |

## CLASS ACTION COMPLAINT

### The Parties

1. Plaintiff Marisa Pizzarelli lives in North Smithfield, Rhode Island. Ms. Pizzarelli worked as an exotic dancer at the Cadillac Lounge from about September 2013 until about August 2014.

2. Ms. Pizzarelli brings this claim on behalf of herself and all other similarly situated individuals, namely, all individuals who have worked as exotic dancers at the Cadillac Lounge located at 365 Charles Street in Providence, Rhode Island, during the three-year period preceding the filing of this action.

3. Ms. Pizzarelli worked as an exotic dancer at the Cadillac Lounge, a strip club located in Providence, Rhode Island. Defendants THE CADILLAC LOUNGE, L.L.C., Nancy Shappy and Richard Shappy own and operate the Cadillac Lounge, and have employed numerous women to work there as exotic dancers. Defendants have traditionally misclassified these dancers as independent contractors, rather than employees. Moreover, they have failed to pay their exotic dancers a base wage, and have required them to pay illegal fees, fines, and "tip

1

outs" as a condition of their employment.  These practices violate state and federal law, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Rhode Island Minimum Wage Act, Gen. Laws § 28-12-1 (1956) et seq., and the Rhode Island Payment of Wages Law, Gen. Laws § 28-14-1 (1956) et seq.

4. Defendant THE CADILLAC LOUNGE, L.L.C., is a domestic limited liability company organized under the laws of the State of Rhode Island.  THE CADILLAC LOUNGE, L.L.C. maintains its principal office at 365 Charles Street in Providence, Rhode Island, and is one of the entities that owns and operates the Cadillac Lounge.

5. Defendant Nancy Shappy lives in Johnston, Rhode Island.  Ms. Shappy is one of the owners, operators, officers, and managing partners of the Cadillac Lounge.

6. Defendant Richard Shappy lives in Johnston, Rhode Island.  Mr. Shappy is one of the owners, operators, officers, and managing partners of the Cadillac Lounge.

**Jurisdiction**

7. The Court has original jurisdiction under 28 U.S.C. § 1331, as a federal claim is alleged in this case, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

**Collective and Class Action Allegations**

8. Ms. Pizzarelli brings this lawsuit on her own behalf and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, and section 28-14-19.2 of the Rhode Island Payment of Wages Law.  In this action, she seeks to recover classwide damages arising from Defendants' misclassification of their exotic dancers, their failure to pay wages, and their practice of requiring dancers to pay unlawful fees, fines, and tip-outs to ineligible

employees. In addition, she seeks to recover liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs, all as provided for by law.

9. Ms. Pizzarelli seeks to represent the following class under Rhode Island law and the FLSA: all individuals who have worked for Defendants as exotic dancers at the Cadillac Lounge at 365 Charles Street in Providence, Rhode Island, at any time during the three-year period prior to the filing of this action.

10. Joinder is impracticable due to the size and composition of the class, the nature of the claims and relief sought, the remedial purpose of the underlying claims, and because individual joinder would be inefficient, uneconomical, and could result in the deprivation of wage rights to aggrieved employees. The class is likely to be comprised of several hundred members.

11. There are issues of law and fact common to all class members, because Defendants' employment and wage practices similarly affected all class members. The common questions of law and fact predominate over any questions affecting individual class members.

12. The claims of the named plaintiff are typical of the claims of all members of the class, because all members of the class were subject to the same unlawful practices and suffered similar harms.

13. Ms. Pizzarelli will fairly and adequately represent the interests of the class because she does not have a conflict of interest with the class members. The undersigned counsel will fairly and adequately represent the class members' interests because they have substantial experience in this field.

14. In addition to 29 U.S.C. § 216(b), this lawsuit should be maintained as a class action for the reasons enumerated in Fed. R. Civ. P. 23(b)(1), 23(b)(2) and 23(b)(3).

## Statement of Facts

15. Defendants own and operate a strip club in Providence called the Cadillac Lounge. Defendants employ women to work as exotic dancers at the Cadillac Lounge, including Ms. Pizzarelli. The exotic dancers provide adult entertainment to customers in the form of live nude and semi-nude dancing.

16. Defendants classify their exotic dancers as independent contractors, rather than as employees. However, the exotic dancers who have worked at the Cadillac Lounge do not qualify as independent contractors under state or federal law. Specifically:

   a. The exotic dancers at the Cadillac Lounge perform a service that is part of the Defendants' regular course of business, namely, the operation of a strip club that provides adult entertainment in the form of live nude and semi-nude exotic dancing.

   b. The exotic dancers are not engaged in a distinct occupation or business. They perform services at Defendants' facility (the Cadillac Lounge) and as part of Defendants' usual business operations.

   c. Defendants have an unlimited right to discipline and terminate the exotic dancers at will. Indeed, Defendants routinely reprimand and terminate exotic dancers for various reasons.

   d. Defendants require the exotic dancers to perform a certain number of stage dances each shift, and actively encourage them to be "out on the floor" soliciting private dances from customers.

   e. Defendants require the exotic dancers to report their availability to management in advance for scheduling purposes. When they fail to do so, they may be fined, suspended or terminated.

  f. Defendants employ managers and "house moms," whose sole purpose is to supervise the exotic dancers, e.g., by taking attendance, making sure that they perform their stage dances, and making sure they comply with the club's rules and policies.

  g. Defendants require the exotic dancers to work at least three shifts per week. Defendants do not allow their exotic dancers to leave the club on personal business while they are "on shift," unless they get management approval. Managers frequently deny the dancers permission to leave the club.

17. Defendants do not pay their exotic dancers a base wage. The only compensation that the exotic dancers receive while working at the Cadillac Lounge are tips paid by customers.

18. In order to work at the Cadillac Lounge, Defendants require their exotic dancers to pay a "house fee" of $50 for each shift worked on Sunday and $70-$80 for each shift worked any other day of the week depending on whether it is a day or night shift. If an exotic dancer works double shifts in one day, she must pay two shift fees. If an exotic dance does not earn enough in tips to pay the house fee in full, she cannot work again until she pays the difference.

19. In addition to the shift fees, Defendants at times collect "fines" from their exotic dancers for various infractions of the club's rules or policies. For example, Defendants will "fine" exotic dancers who are tardy or leave early. These fines range from $25 to $50.

20. Defendants also require the exotic dancers to "tip out" employees who are not eligible to receive tips, including the club's bouncers and disc jockeys. The amount of these mandatory tip outs are about $10-$15 per person per shift, depending on who is being tipped out and what day of the week it is.

21. Defendants also collect from the exotic dancers a house fee of at least $5 for each lap dance they perform.

## Count I
## Fair Labor Standards Act, 29 U.S.C. § 206
## (Failure to Pay the Federal Minimum Wage)

22. As set forth above, Defendants' failure to pay their exotic dancers the federal minimum wage violates the Fair Labor Standards Act, 29 U.S.C. § 206(a). Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

## Count II
## Fair Labor Standards Act, 29 U.S.C. § 203
## (Unlawful Tip Sharing)

23. As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m). Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

## Count III
## Rhode Island General Laws § 28-14-19.1
## (Independent Contractor Misclassification)

24. As set forth above, Defendants' misclassification of their exotic dancers as independent contractors, rather than as employees, violates section 28-14-19.1 of the Rhode Island Payment of Wages Law. Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to Rhode Island Gen. Laws § 28-14-19.2.

## Count IV
## Rhode Island General Laws § 28-12-3
## (Failure to Pay the State Minimum Wage)

25. As set forth above, Defendants' failure to pay their exotic dancers the state minimum wage violates section 28-12-3 of the Rhode Island Minimum Wage Act. Plaintiff

brings this claim on behalf of herself and all others similarly situated pursuant to Rhode Island Gen. Laws § 28-14-19.2.

## Count V
### Rhode Island General Laws §§ 28-14-2 & 28-14-2.2
### (Unlawful Fees and Fines)

26. As set forth above, Defendants' requirement that their exotic dancers pay "shift fees" and "fines" in order to work at the Cadillac Lounge violates sections 28-14-2 and 28-14-2.2 of the Rhode Island Payment of Wages Law. Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to Rhode Island Gen. Laws § 28-14-19.2.

## Count VI
### Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202
### (Declaratory Relief)

27. As set forth above, an actual controversy has arisen amongst the parties.

28. A declaratory judgment entered by this Court will terminate the uncertainty and controversy amongst the parties.

29. Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 28 U.S.C. §§ 2201 and 2202.

### Prayer for Relief

Plaintiff respectfully requests that the Court enter the following relief:

1. Permission to issue notice to all similarly situated individuals informing them about this lawsuit and giving them an opportunity to opt in pursuant to 29 U.S.C. § 216(b).

2. Certification of the state law claims in this case as a class action pursuant to Fed. R. Civ. P. 23 or Rhode Island Gen. Laws § 28-14-19.2.

3. A declaratory judgment that the exotic dancers at the Cadillac Lounge are and were at all relevant times employees, not independent contractors, under state and federal law.

4.	An award of compensatory damages in the form of unpaid wages, minimum wages, tips or gratuities, and restitution for the unlawful fees and fines that the exotic dancers paid in order to work at the Cadillac Lounge.

5.	Liquidated damages.

6.	Pre- and post-judgment interest.

7.	Attorneys' fees and costs.

8.	Any other relief which this Court deems proper.

**Plaintiff demands a trial by jury on all issues so triable.**

Respectfully submitted,
MARISA PIZZARELLI, on behalf of herself
and all others similarly situated,

By their attorneys,

/s/ Stephen J. Brouillard
Stephen J. Brouillard, Esq. (6284)
BIANCHI & BROUILLARD, P.C.
56 Pine Street, Suite 250
Providence, RI  02903
Tel.	(401) 223 - 2990
Fax.	(877) 548 - 4539
sbrouillard@bbrilaw.com

**Dated**: June 20, 2015

Brant Casavant (Mass. BBO #666029)
   pro hac vice application forthcoming
Stephen Churchill (Mass. BBO #564158)
   pro hac vice application forthcoming
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel.	(617) 607 - 3261
Fax.	(617) 488 - 2261
brant@fairworklaw.com
steve@fairworklaw.com